UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CORNING COMPOUND
SEMICONDUCTOR SOLUTIONS, LLC,   Case No. 11-14255
             Honorable Thomas L. Ludington
      Plaintiff,

v.

CREE, INC.,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF A PRIVILEGE LOG**

Plaintiff Dow Corning Compound Semiconductor Solutions, LLC accidentally produced documents that it now believes are privileged. Defendant Cree, Inc., upon review, noted documents that were potentially privileged, halted review, and informed Plaintiff of the situation. Plaintiff then "clawed back" 144 documents. When Defendant asked for a privilege log to assess the privileged nature of the documents, Plaintiff provided a log with only 26 entries; not 144. Plaintiff claims the other 118 documents are not relevant and therefore need not be included on a privilege log in this case. Defendant has doubts. It wants a privilege log that includes all 144 documents so that it can fully assess any applicable privilege.

**I**

Defendant has filed a motion to compel production of a privilege log for the 118 unlogged documents, and Plaintiff opposes the motion. But this is a situation of Plaintiff's creation. Plaintiff will create a privilege log concerning the 118 documents it claims are privileged and irrelevant.

Federal Rule of Civil Procedure 26 provides that when a party withholds discoverable information claiming privilege, that party must "expressly make the claim" and "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). If, during discovery, a party produces information that is subject to a claim of privilege, that party "may notify any party that received the information of the claim *and the basis for it*." Fed. R. Civ. P. 26(b)(5)(B) (emphasis added). The party so notified must then "promptly return, sequester, or destroy the specified information and any copies it has." *Id*.

Rule 26 says nothing about foreclosing the need to provide the basis for allegedly privileged information simply because the producing party later claims it is irrelevant. On this point, *Ypsilanti Community Utilities Authority v. Meadwestvaco Air Systems, LLC*, CIV.A. 07-CV-15280, 2009 WL 3614997, at *2 (E.D. Mich. Oct. 27, 2009), is instructive.

In *Ypsilanti*, Defendant twice produced documents only to later claim they were privileged and irrelevant. The court was not persuaded. "Defendant's production of these documents twice is inconsistent with an assertion that the documents are irrelevant, non-responsive, and attorney work-product privileged." *Id*. (emphasis and internal quotation marks removed). As defense counsel had "made the decision" to produce the documents in response to the plaintiff's discovery requests, questions were raised "as to the responsiveness and relevance of the documents." *Id*. Because the documents' relevance was questionable, the court ordered that the defendant "produce an adequate privilege log" to account for them. *Id*.

Plaintiff argues that *Ypsilanti* does not apply here because the documents in that case were produced twice and the court found them potentially relevant. Pl.'s Resp. 5. Plaintiff argues that in this case "there is nothing to suggest that all documents [Plaintiff] clawed back are

- 2 -

relevant." *Id*. (internal quotation marks omitted). But Chi Cheung's declaration in support of Plaintiff's response provides the very foundation for this Court to conclude the documents could be relevant (in addition, of course, to the fact that they were produced by Plaintiff during discovery). Mr. Cheung emphasized that he collected documents "without any particular regard as to whether the documents were responsive to [Defendant's] document requests . . . so long as it [sic] concerned the declaratory judgment jurisdiction issue and this litigation in some way." Cheung Aff. ¶ 4. So while it is true that Plaintiff likely produced some documents that were not *responsive*, according to counsel, all the documents he collected were *relevant* to this litigation "in some way." *Id*.

The other distinction between *Ypsilanti* and this case is unavailing — whether the documents were produced once or twice, they were nevertheless produced. This is enough for Plaintiff to produce a privilege log in order to indicate the basis for the privilege it now asserts.

Plaintiff relies on three cases for the proposition that "non-responsive, privileged documents need not be logged on a privilege log." Pl.'s Resp. 4. But each of those cases deals with information that was *never* produced by the party opposed to the request. *See Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 211 (D.D.C. 2006); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 213 (S.D.N.Y. 2009); *S.E.C. v. Merkin*, 11-23585-CIV, 2012 WL 3203037, at *1 (S.D. Fla. Aug. 3, 2012). This is not the case here. Plaintiff produced documents, then clawed them back claiming privilege, and refuses to provide the basis for the privilege as required by Fed. R. Civ. P. 26(b)(5)(B). Along with the fact that Plaintiff's counsel admits the only documents collected were in some way related to this case, there is enough to require Plaintiff to produce a privilege log setting forth the basis for withholding the information.

- 4 -

**II**

Accordingly, it is **ORDERED** that Defendant's motion to compel production of a privilege log is **GRANTED**.

Dated: December 27, 2012          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 27, 2012.
         s/Tracy A. Jacobs
         TRACY A. JACOBS